FILED
11th JUDICIAL DISTRICT COURT
McKinley County
5/18/2020 10:18 AM
WELDON J. NEFF
CLERK OF THE COURT
Valarie Baretinicich

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

MARY JAMES,

    Plaintiff,

vs.

WAL-MART STORE, EAST, L.P.;
RETAIL TRUST III; WAL-MART
CORPORATIONS' I-V; WATERMELON
CORPORATION; JOHN DOE
I-V; and VICKIE McINTYRE,

    Defendants.

No.: D-1113-CV-2020-00224
Pederson, R David

## COMPLAINT FOR DAMAGES

FOR HER CLAIM, Plaintiff states as follows:

1. Plaintiff Mary James is a citizen of New Mexico and a resident of Gallup, McKinley County, New Mexico.

2. Defendant Wal-Mart Store, East, L.P. is a limited partnership organized under the laws of the State of Arkansas.

3. Retail Trust III is a trust organized under the laws of the State of Arkansas.

4. Wal-Mart Corporations I-V are corporations, trust, partnerships, limited partnerships, limited liability companies, or other entities subject to suit in a common name. The names are fictitious and leave of court will be sought to amend to reflect the correct name of the same upon identification.

5. Watermelon Corporation is a corporation, trust, partnership, limited partnership, limited liability Company, or other entity subject to suit in a common name. The entity may or may not

1

EXHIBIT A

exist and if it exists leave of the court will be sought to amend to reflect the correct names of the same upon identification.

6. John Doe I-V is the fictitious name of the proprietor, owner, officer, agent, or employee of Watermelon Corporation, who may or may not exist, or may be male or female, and may exist in the singular or plural. Leave of the court to amend will be sought upon identification of the identity of said person, or determination of his or her non-existence.

7. Vickie McIntye is a citizen of the State of New Mexico and at all times relevant hereto was a resident of McKinley County New Mexico and the manager of the Wal-Mart Super Store in Gallup, New Mexico.

8. At all times relevant hereto, Vickie McIntyre was the manager of the Wal-Mart superstore located at 1650 West Maloney Avenue, Gallup, New Mexico, McKinley County, New Mexico, and an agent and employee of Wal-Mart Stores East, L.P., Retail Trust III, and Wal-Mart Corporations I-V, and at all times relevant hereto, and in connection with all acts and omissions complained of herein was acting in the course and scope of her employment and agency.

9. Defendants Wal-Mart Store East, L.P., Retail Trust II, and Wal-Mart Corporations I-V, (hereinafter, "Wal-Mart") individually or collectively, at all times relevant hereto, owned and operated the Wal-Mart Super Store located at 1650 West Maloney Avenue, Gallup, McKinley County, New Mexico.

10. The Wal-Mart Super-Store was a retail outlet for groceries, sporting goods, clothing, hardware, electronic items, and dry goods open to the general public for the sale of these and related items.

11. Wal-Mart owed its customers, visitors, and invitees a duty of ordinary care to provide a safe premises.

2

12. Wal-Mart and its agents and employees, including Vickie McIntyre, had a duty to inspect and assess the super store for dangerous conditions at the super store.

13. Wal-Mart had a duty to train its agents and employees to recognize and prevent or remove dangerous conditions at its stores.

14. Vickie McIntyre had resided in McKinley County, New Mexico for several years, and for a sufficient time to recognize the potentially dangerous conditions presented by springtime winds in northwest New Mexico.

15. On the 25th day of May, 2018, Wal-Mart, acting through its agents and employees, including Vickie McIntyre set up, or, in the alterative, permitted Watermelon Corporation and John Does I-V to set up an outdoor melon stand in proximity to the west Wal-Mart Superstore customer entrance.

16. The outdoor melon stand had as a component a large umbrella, typically called a beach umbrella.

17. The beach umbrella was unsecured, or not adequately secured, against the springtime wind.

18. It was foreseeable that the winds would increase during the day, and be subject to gusts and other variations in velocity.

19. It was foreseeable that in a strong wind, or in a gust, the beach umbrella would become airborne and strike and injure a customer or visitor to the Wal-Mart Super Store.

20. Wal-Mart and, in the alternative, Watermelon Corporation failed to train its agents and employees about the dangers of unsecured items in the wind.

21. Wal-Mart, acting through its agents and employees, including Vickie McIntyre, and in the alternative, Watermelon Corporation and John Doe Watermelons I-V, negligently directed or

allowed the creation of the watermelon stand and negligently directed or allowed the beach umbrella to be placed there, and there to remain.

22. On the 25th day of May, 2018, Plaintiff went to the Gallup, Wal-Mart Super Store to do her shopping.

23. As she approached the west customer entrance, she was struck by the beach umbrella, which had been picked up by the wind, and seriously injured, among which injuries were a humerus bone broken in two places.

24. Said injures compelled Plaintiff to seek necessary medical care and to incur the reasonable costs thereof.

25. Said, injuries cause Plaintiff to endure past and future pain and suffering, curtailment of activity, reduced enjoyment of life, and temporary, protracted, and probable future curtailment of activity and reduced enjoyment of life, and other losses associated with and arising from her injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as their fault may appear, cost of suit, and such other and further relief as the law and proof may justify.

Respectfully Submitted,

**BARBER & BORG, LLC**

By: */s/ Forrest G. Buffington*
Forrest G. Buffington
P.O. Box 30745
Albuquerque, NM 87190
(505) 884-0004
*Attorney for Plaintiff*

FILED
11th JUDICIAL DISTRICT COURT
McKinley County
5/18/2020 10:18 AM
WELDON J. NEFF
CLERK OF THE COURT
Valarie Baretinicich

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

MARY JAMES,

    Plaintiff,

vs.

WAL-MART STORE, EAST, L.P.;
RETAIL TRUST III; WAL-MART
CORPORATIONS' I-V; WATERMELON
CORPORATION; JOHN DOE
I-V; and VICKIE McINTYRE,

    Defendants.

No.:  D-1113-CV-2020-00224
Pederson, R David

## JURY DEMAND

COMES NOW the Plaintiff through his counsel of record Barber & Borg, LLC (Forrest G. Buffington) and hereby demands a jury consisting of twelve (12) members in the above-entitled cause of action.

Respectfully submitted,

*/s/ Forrest G. Buffington*
**BARBER & BORG, LLC**
Forrest G. Buffington
P.O. Box 67350
Albuquerque, NM  87193-7350
(505) 884-0004
forrest@barberborg.com
Attorney for Plaintiff

FILED
11th JUDICIAL DISTRICT COURT
McKinley County
8/7/2020 3:00 PM
WELDON J. NEFF
CLERK OF THE COURT
Diane Montano

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

MARY JAMES,

    Plaintiff,

v.                                    D-1113-CV-2020-00224

WAL-MART STORE, EAST, L.P.,
RETAIL TRUST III, WAL-MART
CORPORATIONS I-IV, WATERMELON
CORPORATION, JOHN DOE
I-IV, and VICKIE MCINTYRE,

    Defendants.

## DEFENDANT WAL-MART STORES EAST, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Wal-Mart Stores East, L.P. (incorrectly named by Plaintiff as Wal-Mart Store, East, L.P.)("Wal-Mart" or "Defendant")[1], by and through its counsel, Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Megan T. Muirhead and Kevin D. Pierce), hereby answers Plaintiff's Complaint for Damages ("Complaint") as follows:

1. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore denies them.

2. With regard to the allegations in Paragraph 2 of the Complaint, Wal-Mart admits that Wal-Mart Stores East, L.P. is a limited partnership but denies that it is organized under the laws of the State of Arkansas.

---

[1] Although Plaintiff has named multiple other Defendants in her Complaint, Defendants have been able to confirm service of the Complaint only with respect to Wal-Mart Stores East, L.P. (incorrectly named by Plaintiff as Wal-Mart Store, East, L.P.). As of the date of this Answer, no record of service appears on the case docket for any other Defendants. Accordingly, this Answer is filed on behalf of Wal-Mart Stores East, L.P. (incorrectly named by Plaintiff as Wal-Mart Store, East, L.P.) only.

1

3. The allegations in Paragraph 3 of the Complaint are directed to a defendant other than Wal-Mart, and therefore no response is required.

4. The allegations in Paragraph 4 of the Complaint are directed to defendants other than Wal-Mart, and therefore no response is required. To the extent a response is deemed necessary, the allegations in Paragraph 4 of the Complaint are vague and ambiguous in that they do not refer to specific entities or individuals. Wal-Mart thus is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies them.

5. The allegations in Paragraph 5 of the Complaint are directed to a defendant other than Wal-Mart, and therefore no response is required. To the extent a response is deemed necessary, the allegations in Paragraph 5 of the Complaint are vague and ambiguous in that they do not refer to specific entities or individuals. Wal-Mart thus is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies them.

6. The allegations in Paragraph 6 of the Complaint are directed to defendants other than Wal-Mart, and therefore no response is required. To the extent a response is deemed necessary, the allegations in Paragraph 6 of the Complaint are vague and ambiguous in that they do not refer to specific entities or individuals. Wal-Mart thus is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies them.

7. With regard to the allegations in Paragraph 7 of the Complaint, Wal-Mart admits that Vickie McIntyre was employed as the Store Manager of Store # 906 in Gallup, New Mexico on May 25, 2018, but Wal-Mart denies the remaining allegations in Paragraph 7.

8. With regard to the allegations in Paragraph 8 of the Complaint, Wal-Mart admits that Vickie McIntyre was employed as the Store Manager of Store # 906 in Gallup, New Mexico on May 25, 2018. The remaining allegations in paragraph 8 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Wal-Mart is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies them.

9. With regard to the allegations in Paragraph 9 of the Complaint, Wal-Mart states that Wal-Mart Stores East, L.P. owned and operated Store # 906 in Gallup, New Mexico on May 25, 2018. Wal-Mart denies all other allegations not specifically admitted herein.

10. Wal-Mart admits the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

12. Paragraph 12 of the Complaint is directed, in part, to a defendant other than Wal-Mart, and thus no response from Wal-Mart is required to that portion of the allegations. Additionally, Paragraph 12 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

13. Paragraph 13 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart denies any duties beyond those set forth under New Mexico statutory or common law.

14. Paragraph 14 of the Complaint is directed to a defendant other than Wal-Mart, and thus no response from Wal-Mart is required. To the extent a response is deemed necessary, Wal-

Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore denies them.

15. With regard to the allegations in Paragraph 15 of the Complaint, Wal-Mart admits that store personnel set-up an outdoor watermelon display on May 25, 2018, but Wal-Mart is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies them.

16. With regard to the allegations in Paragraph 16 of the Complaint, Wal-Mart admits that the display contained a large umbrella, but Wal-Mart Mart is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies them.

17. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore denies them.

18. Paragraph 18 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore denies them.

19. Paragraph 19 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed necessary, Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore denies them.

20. Paragraph 20 of the Complaint is directed, in part, to a defendant other than Wal-Mart, and thus no response from Wal-Mart is required with respect to those allegations. To the extent a response is deemed necessary, Wal-Mart denies the allegations in Paragraph 20 of the

Complaint that are directed to Wal-Mart. And, Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint that are directed to defendants other than Wal-Mart, and therefore denies them.

21. Paragraph 21 of the Complaint is directed, in part, to a defendant other than Wal-Mart, and thus no response from Wal-Mart is required with respect to those allegations. To the extent a response is deemed necessary, Wal-Mart denies the allegations in Paragraph 21 of the Complaint that are directed to Wal-Mart. And, Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint that are directed to defendants other than Wal-Mart, and therefore denies them.

22. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore denies them.

23. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies them.

24. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore denies them.

25. Wal-Mart is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore denies them.

26. Wal-Mart expressly and affirmatively denies all allegations not expressly admitted herein, including Plaintiff's claims for relief in the unnumbered WHEREFORE paragraph at the end of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed or denied for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

As a further, separate, and alternative defense, Wal-Mart states that to the extent that Plaintiff has suffered any damage or injury, which Wal-Mart expressly denies, Plaintiff and/or third parties over whom Wal-Mart is not responsible proximately caused and are liable for any such injury or damage.

### THIRD DEFENSE

As a further, separate, and alternative defense, Wal-Mart states that to the extent that Plaintiff has suffered any damages, which Wal-Mart expressly denies, Plaintiff failed to mitigate her damages.

### FOURTH DEFENSE

As a further, separate, and alternative defense, Wal-Mart states that to the extent that it is liable for any alleged damage or injury, which Wal-Mart expressly denies, the negligence and fault of persons and entities other than Wal-Mart (whether or not parties to this action) were a proximate cause of Plaintiff's alleged injury and damages, and any recovery that might otherwise ensue must either be barred or reduced accordingly under the doctrine of comparative negligence and fault.

### FIFTH DEFENSE

As a further, separate, and alternative defense, Wal-Mart states that Plaintiff's claims are barred in whole or in part by Plaintiff's failure to meet her common law and statutory duties to exercise reasonable care for her own safety.

## SIXTH DEFENSE

As a further, separate and alternative defense, Wal-Mart states that upon information and belief, some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions of Plaintiff, by an idiosyncratic reaction, operation of nature, or act of God, for which Wal-Mart is not responsible.

## SEVENTH DEFENSE

As a further, separate, and alternative defense, Wal-Mart states that the clams of Plaintiff are barred, and/or her damages should be apportioned, to the extent the alleged injuries claimed by Plaintiff are the proximate result of Plaintiff's pre-existing condition and/or subsequent injury.

## EIGHTH DEFENSE

As a further, separate and alternative defense, Wal-Mart is entitled to set-off/off-set any damages awarded against it by amounts claimant recovered or received, or will receive, with respect to the same injuries/damages claimed in this lawsuit or related lawsuits.

## RESERVATION OF RIGHTS

Wal-Mart hereby gives notice that it intends to rely upon such other defenses, available under the applicable state laws or federal laws, as may become available or apparent during the course of discovery in this case or otherwise, and hereby reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE**, having fully answered the Complaint, Wal-Mart respectfully requests that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, that judgment be entered in favor of Wal-Mart to recover its costs and such other further relief as the Court deems just and proper.

Respectfully submitted,

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By: */s/ Kevin D. Pierce*
    Megan T. Muirhead (mmuirhead@modrall.com)
    Kevin D. Pierce (kdp@modrall.com)
    *Attorneys for Wal-Mart Stores East, L.P.*
    500 Fourth Street NW, Suite 1000
    P. O. Box 2168
    Albuquerque, NM 87103-2168
    (505) 848-1800
    Fax (505) 848-9710

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020 I filed the foregoing electronically and served all parties of record via the Court's Odyssey File & Serve System, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

BARBER & BORG, LLC
Forrest G. Buffington
P.O. Box 30745
Albuquerque, NM 87190
(505) 884-0004
*Attorneys For Plaintiff*

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By: */s/ Kevin D. Pierce*
      Kevin D. Pierce

Y:\DOX\CLIENT\75301\0575\DRAFTS\W3801938.DOCX

FILED
11th JUDICIAL DISTRICT COURT
McKinley County
8/7/2020 3:00 PM
WELDON J. NEFF
CLERK OF THE COURT
Diane Montano

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

MARY JAMES,

    Plaintiff,

v.                                         D-1113-CV-2020-00224

WAL-MART STORE, EAST, L.P.,
RETAIL TRUST III, WAL-MART
CORPORATIONS I-IV, WATERMELON
CORPORATION, JOHN DOE
I-IV, and VICKIE MCINTYRE,

    Defendants.

## CERTIFICATE OF SERVICE

    It is hereby certified that Defendant Wal-Mart Stores East, L.P.'s First Set of Interrogatories, Requests for Production, and Requests for Admission to Plaintiff along with this Certificate of Service was served on Plaintiff's counsel via the Court's Odyssey File and Serve System on August 7, 2020, as follows:

BARBER & BORG, LLC
Forrest G. Buffington
forrest@barberborg.com
*Attorneys For Plaintiff*

                                      **MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

                                      By: */s/ Kevin D. Pierce*
                                          Megan T. Muirhead (mmuirhead@modrall.com)
                                          Kevin D. Pierce (kdp@modrall.com)
                                          *Attorneys for Wal-Mart Stores East, L.P.*
                                          500 Fourth Street NW, Suite 1000
                                          P. O. Box 2168
                                          Albuquerque, NM 87103-2168
                                          (505) 848-1800
                                          Fax (505) 848-9710

FILED
11th JUDICIAL DISTRICT COURT
McKinley County
9/22/2020 8:45 AM
WELDON J. NEFF
CLERK OF THE COURT
Jaycelyn Etsitty

STATE OF NEW MEXICO
COUNTY OF MCKINLEY
ELEVENTH JUDICIAL DISTRICT COURT

MARY JAMES,

    Plaintiff,

vs.

                                          No.:  D-1113-CV-2020-00224

WAL-MART STORE, EAST, L.P.;
RETAIL TRUST III; WAL-MART
CORPORATIONS' I-V; WATERMELON
CORPORATION; JOHN DOE
I-V; and VICKIE McINTYRE,

    Defendants.

## CERTIFICATE OF SERVICE

It is hereby certified that Plaintiff Mary James' Answers and Responses to Defendants First Set of Interrogatories, Requests for Production, Request for Admission and documents bates labeled JAMES000001 through JAMES0000044 were served upon Defendant's counsel along with this Certificate of Service via the Odyssey File and Service System on September 22, 2020, as follows:

MODRALL SPERLING ROEHL HARRIS & SISK, P.A.
Megan T. Muirhead (mmuirhead@modrall.com)
Kevin D. Pierce (kdp@modrall.com)
*Attorneys for Defendant*

                                                Respectfully Submitted,

                                                **BARBER & BORG, LLC**

                                                By: */s/ Forrest G. Buffington*
                                                      Forrest G. Buffington
                                                      P.O. Box 30745
                                                      Albuquerque, NM 87190
                                                      (505) 884-0004
                                                      *Attorney for Plaintiff*

1

FILED
11th JUDICIAL DISTRICT COURT
McKinley County
9/22/2020 10:53 AM
WELDON J. NEFF
CLERK OF THE COURT
Jaycelyn Etsitty

## SUMMONS

| | |
|---|---|
| Thirteenth Judicial District Court<br>County of McKinley<br>207 W. Hill Ave., Second Floor<br>Room 200<br>Gallup, NM 87301<br><br>Court Telephone No. (505) 863-6816 | Case Number: D-1113-CV-2020-00224<br><br>Judge: David R. Pederson |
| MARY JAMES<br>       Plaintiff,<br>v.<br><br>WAL-MART STORE, EAST, L.P.; RETAIL TRUST III; WAL-MART CORPORATIONS' I-V, WATERMELON CORPORATION; JOHN DOE I-V; and VICKIE McINTYRE,<br>       Defendants. | Defendant:<br><br>WAL-MART SOTRE, EAST, L.P.<br>c/o Corporation Process Company<br>726 East Michigan<br>Suite 330<br>Hobbs, NM 88240 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Gallup, New Mexico, this 6th day of July 2020.

WELDON J. NEFF
CLERK OF COURT

BY: _____
     Deputy

Forrest G. Buffington
Forrest G. Buffington
PO Box 67350
Albuquerque, NM 87193
Telephone: (505) 884-0004
Facsimile: (505) 884-0077
forrest@barberborg.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO )
                    )ss
COUNTY OF Lea       )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in ___Lea___ county on the __15__ day of ___July___, 2020 by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[x] to Corporation Process Company an agent authorized to receive service of process for defendant Wal Mart Store East LP.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____ (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this __15__ day of ___July___, 2020

_____
Judge, notary or other officer
authorized to administer oaths

__Notary__
Official title

Official Seal
CAROL WEAVER
Notary Public
State of New Mexico
My Comm. Expires 2/12/22

## USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]